UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX DEJESUS,

                          Plaintiff,

            -against-

P.O. TAPIA-RODRIGUEZ,

                          Defendant.

24-CV-6448 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Alex Dejesus, a resident of Bensalem, Pennsylvania, filed this *pro se* action

invoking the Court's federal question jurisdiction. By order dated October 2, 2024, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's complaint, filed against New York City Police Officer Tapia-Rodriguez,

concerns an incident that occurred in Manhattan on July 6, 2024. Plaintiff alleges that Defendant

pulled his car over after Plaintiff made a right turn onto South Clinton Street. (ECF 1 ¶ III.)

Plaintiff asked Defendant why he had been stopped, and Defendant responded that Plaintiff was

"not supposed to make a right turn" there. (*Id.*) Plaintiff said that he had seen other cars making

the same turn without being stopped and that "this is call[ed] selective enforcement." (*Id.*)

Defendant "refuse[d] to give [Plaintiff a] real response," and ticketed Plaintiff for the traffic

infraction. (*Id.*) Another officer "took his flash light and started looking inside [Plaintiff's] car,"

which Plaintiff alleges violated his constitutional rights. (*Id.*) Plaintiff seeks $20,000 in

damages.(*Id.* ¶ IV.)

**DISCUSSION**

**A.      Claims under 42 U.S.C. § 1983**

Because Plaintiff is alleging that police officers violated his constitutional rights, the

Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under

Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

the United States was violated, and (2) the right was violated by a person acting under the color

of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.      Equal Protection

The Fourteenth Amendment's Equal Protection Clause mandates that all persons

"similarly situated . . . be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432,

439 (1985). To establish a violation of equal protection based upon selective enforcement, a

plaintiff may show that he was (1) selectively treated as compared with others similarly situated

("comparators"); and (2) that such selective treatment was based on "impermissible

considerations such as race, religion, intent to inhibit or punish the exercise of constitutional

rights, or malicious or bad faith intent to injure a person." *Latrieste Rest. & Cabaret Inc. v. Vill.

of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994) (quoting *LeClair v. Saunders*, 627 F.2d 606,

609-10 (2d Cir. 1980)). Alternatively, a plaintiff may show "that a facially neutral law or policy

has been applied in an intentionally discriminatory race-based manner, or that a facially neutral

statute or policy with an adverse effect was motivated by discriminatory animus." *Towns v.

Stannard*, 431 F. Supp. 3d 44, 65-66 (N.D.N.Y. 2019) (quoting *Pyke v. Cuomo*, 258 F.3d 107, 110

(2d Cir. 2001)).

The complaint does not include any allegations that could support an equal protection

claim under a selective enforcement theory. Plaintiff alleges that "he had seen other cars making

the same turn," but he does not plead facts sufficient to show whether other drivers were

similarly situated to him. Plaintiff has identified no comparators the Court could consider to determine whether Plaintiff was treated differently as compared to others similarly situated. *See Kuiken v. Cnty. of Hamilton*, 669 F. Supp. 3d 119, 126-27 (N.D.N.Y. 2023) (describing requirements for selective enforcement claim). While Plaintiff need not describe an "identical" comparator, *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)), Plaintiff must plead enough facts to show "that '[he] was similarly situated in all material respects to the individual[ ] with whom [he] seeks to compare [himself],'" *Hu v. City of N.Y.*, 927 F.3d 81, 96 (2d Cir. 2019) (quoting *Graham*, 230 F.3d at 39). Nor has Plaintiff alleged facts suggesting that the manner in which he was treated was based on a discriminatory or other impermissible consideration. For these reasons, Plaintiff's allegations regarding alleged selective enforcement are deficient. The Court grants Plaintiff leave to file an amended complaint, should he wish to do so, to replead his equal protection claim.

    2.    Fourth Amendment

Plaintiff further alleges that a police officer used a flashlight to look inside his car during the traffic stop. The Court construes this allegation as a claim arising under the Fourth Amendment to the United States Constitution, which protects the rights of the people " to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "In assessing whether that right is implicated, [courts] must first determine whether officers engaged in a "search." *United States v. Poller*, No. 24-75-cr, 2025 WL 555563, at *2 (2d Cir. Feb. 20, 2025).

The Second Circuit has held that shining a flashlight through car windows does not qualify as a search. *See Mollica v. Volker*, 229 F.3d 366, 369 (2d Cir. 2000) ("[A] police officer's looking through the windows into the vehicle from the outside, even when shining a flashlight to

illuminate the inside of the vehicle, does not constitute a 'search' of the vehicle within the meaning of the Fourth Amendment.") (quoting *New York v. Class,* 475 U.S. 106, 118 (1986)); *Alexander v. City of Syracuse*, 573 F. Supp. 3d 711, 733 (N.D.N.Y. 2021); *see also Texas v. Brown,* 460 U.S. 730, 740 (1983) ("There is no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers.") (citations omitted)

Accordingly, Plaintiff's assertion that a police officer shone a light into his car during the stop does not suggest a constitutional injury, and fails to state a claim under Section 1983.

**B.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend his complaint, should he wishes to do so, to detail his equal protection claim for selective enforcement.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-6448 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 13, 2025
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____                ____ Civ. _____ ( ____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

                                                                                           **AMENDED
                                                                                           COMPLAINT**
                   -against-

_____              Jury Trial:  ☐ Yes      ☐ No

_____                              (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                     1

Defendant  No. 1          Name  _____

                          Street Address  _____

                          County, City  _____

                          State & Zip Code  _____

                          Telephone Number  _____


Defendant  No. 2          Name  _____

                          Street Address  _____

                          County, City  _____

                          State & Zip Code  _____

                          Telephone Number  _____


Defendant  No. 3          Name  _____

                          Street Address  _____

                          County, City  _____

                          State & Zip Code  _____

                          Telephone Number  _____


Defendant  No. 4          Name  _____

                          Street Address  _____

                          County, City  _____

                          State & Zip Code  _____

                          Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

       ☐ Federal Questions                 ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

       _____

       _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

       Plaintiff(s) state(s) of citizenship _____

       Defendant(s) state(s) of citizenship _____

       _____

*Rev. 12/2009*                                    2

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What<br>happened<br>to you? |

_____

_____

_____

_____

| Who did<br>what? |

_____

_____

_____

_____

| Was anyone<br>else<br>involved? |

_____

_____

| Who else<br>saw what<br>happened? |

_____

_____

_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                           Signature of Plaintiff      _____

                           Mailing Address            _____

                                                      _____

                                                      _____

                           Telephone Number           _____

                           Fax Number *(if you have one)*   _____


Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
         must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                           Signature of Plaintiff:      _____

                           Inmate Number              _____


*Rev. 12/2009*                              4